# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOSHUA M. STOCKTON**  **PLAINTIFF**
**ADC #169885**

v.  No: 4:24-cv-00365-KGB-PSH

**MARSHAL REED,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

On April 25, 2024, plaintiff Joshua Stockton, an inmate at the Arkansas Division of Correction's Wrightsville Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and an *in forma pauperis* application (Doc. No. 1). In his original complaint, Stockton alleged that he was subjected to constant

illumination and excessive noise at the Randall Williams, Ester, and Wrightsville Units, causing him to suffer sleep deprivation. Doc. No. 2 at 7. He also claimed that medical staff would not treat him for insomnia and/or other mental health disorders, and that excessively cold temperatures at the Wrightsville Unit contribute to his problems sleeping. *Id.* at 8-17.

Because Stockton is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"),[1] the Court directed him to amend his complaint to limit his claims to those relating to an ongoing threat of serious physical injury. Doc. No. 3 at 2. The Court also directed him to describe the specific involvement of each defendant and to describe how their actions are currently placing him under imminent danger of serious physical injury. *Id*. Finally, Stockton was warned that his amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* at 3. Stockton has filed an amended complaint (Doc. No. 4). For the reasons described below, his allegations fail to establish that he is under imminent danger of serious physical injury. His motion for leave to proceed *in forma pauperis* should therefore be denied. Additionally, even if Stockton was entitled to

---

[1] The following cases filed by Stockton were dismissed for failure to state a claim before he filed this lawsuit: *Stockton v. Culclager, et al.,* No. 4:23-cv-00503-BRW (E.D. Ark. 2023); *Stockton v. Page, et al.,* No. 4:23-cv-00582-JM (E.D. Ark. 2023); and *Stockton v. Cannon,* No. 4:23-cv-00682-BRW (E.D. Ark. 2023).

*in forma pauperis status*, his amended complaint should be dismissed for failure to state a claim.

## II.  Stockton's Allegations

Stockton's chief complaint in this case is that he suffers insomnia due to excessive noise and constant illumination.[2]  Doc. No. 4 at 8-17.  He maintains he has been denied treatment for insomnia due to a Wellpath, LLC policy that does not allow treatment for insomnia.  *Id.*  He also claims that his lack of sleep renders his pain medication ineffective and that he suffers pain, mental anxiety, and depression.  *Id.* at 9-17.  Finally, he claims that he has complained to a number of the defendants about his claims and those individuals have failed to take corrective action.  The Court construes Stockton's complaint as setting forth Eighth Amendment conditions-of-confinement, refusal to provide medical treatment, and failure to take corrective action claims.

---

[2] In his amended complaint, Stockton describes a number of additional unrelated claims.  Doc. No. 4 at 18-23.  Some of those claims are currently pending or have been dismissed in other lawsuits.  *See e.g.*, *Stockton v. Huff, et al.*, Case No. 4:23-cv-476-BSM-PSH (concerning lapses in receiving prescribed medications); *Stockton v. Jenkins, et al.*, Case No. 4:23-cv-944-JM-BBM (concerning Stockton's medical restrictions and job duties); *Stockton v. Felts, et al.*, Case No. 4:24-cv-00054-BRW (concerning Stockton's ability to receive prescribed medications because he cannot stand for long periods of time and due to very cold temperatures).  These claims are factually unrelated to his insomnia claims and may not be prosecuted in a single action against multiple defendants.  *See* Fed. R. Civ. P. 20(a)(2).

### III.  The PLRA's Three-Strikes Rule

The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  The Eighth Circuit has noted that the imminent danger exception applies only when a prisoner makes "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050-51 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries).  *See also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate

alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions). Vague or conclusory allegations of harm are insufficient. *See, e.g., White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The Court has reviewed Stockton's lengthy amended complaint to determine whether his allegations of excessive noise and light and refusal to treat his resulting insomnia place him in imminent danger of serious physical injury, and finds that they do not.  In that pleading, Stockton makes the same conclusory allegations over and over – he suffers insomnia because of excessive noise and constant illumination at night; Wellpath employees, by policy, refuse to treat insomnia; and ADC personnel have failed to take corrective action despite being placed on notice of his complaints. He claims that exposure to excessive noise and constant illumination and the resulting insomnia affect and interfere with medication he takes, and that such interference results in severe pain, mental anguish, and headaches. He also asserts that this ongoing infliction of severe pain has been continuing for approximately 300 days, including while he was in custody at the Ester Unit, the Pine Bluff Unit, and now at the Wrightsville Unit.

While Stockton's amended complaint is lengthy, his allegations are largely conclusory.  He identifies each of the 23 defendants by name and for each, sets forth a paragraph containing his complaints against that defendant. He does not provide

specific facts in support of his conclusions. Stockton does not describe the lighting about which he complains, identify the type and locations of such lights, or explain if the lighting is the same at night as during the day.[3] He does not describe the noise about which he complains, the causes of the noise, the sources of the noise, or what times or how often during the night he is exposed to such noise. He does not describe when or how often he has sought and been refused treatment for insomnia. He also fails to describe how much or how little sleep he gets as a result of noise and/or lighting. The sparse factual support Stockton *does* provide in the amended complaint does not support a finding that he is in imminent danger of serious physical injury. His conclusory allegations of deprivation of sleep, without more, do not establish that Stockton is in imminent danger of serious physical injury. *See, e.g., Warren v. United States,* 106 Fed. Cl. 507 (Fed. Cl. 2012).

The Court notes that the only physical symptom Stockton describes is pain. He claims that he suffers severe body pain, including headaches, because his insomnia interferes with certain medications he takes. Stockton does not identify

---

[3] Stockton does attach to his amended complaint a number of grievances, some of which relate to his claim of constant illumination. In one, he was advised that "the barracks cannot be in pitch darkness at night for security reasons. Per policy, the lights in the sleeping area are turned off at 10:30 p.m., while the secondary lights in the hallway are left on for officers to conduct their rounds and to effectively monitor the activities of the inmates." Doc. No. 4 at 31. In another, the warden responded "I have reviewed your grievance where you have complained about the lights in the barracks, keeping you from sleeping. There are a set of security lights that stays on for the good order in safety of this facility. Therefore this grievance is without merit." *Id*. at 25.

what medication he takes, the purpose of that medication, or how insomnia makes his medication less effective. In fact, Stockton's allegations that his insomnia interferes with his medications are both conclusory and speculative. Conclusory complaints of pain are insufficient to meet the imminent danger exception. *See e.g., White v. Norris,* No. 5:09CV00148JLHHDY, 2009 WL 1690515, at *1 (E.D. Ark. June 16, 2009) ("The allegedly harmful 'pain and suffering . . . has continued . . . from June 2008 to the present,' which appears to also have been caused by the 'overcrowded and noisy' living conditions in prison, is simply not the sort of "imminent danger" for which the exception was carved.").[4] *See also White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998) (vague or conclusory allegations of harm are insufficient). Because Stockton has not sufficiently described how he is in imminent danger of ongoing serious physical harm, his applications to proceed *in forma pauperis* should be denied.

### III.  Failure to State a Claim

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages

---

[4] *See also Nichols v. Arkansas Department of Correction,* No. 2:18cv119-JM (E.D. Ark.), Doc. Nos. 3, 6 ("nerve pain"); *Nichols v. Drummond,* No. 2:19cv73-DPM (E.D. Ark.), Doc. Nos. 2, 14, 26 ("worsening" pelvic area arthritis and generalized "nerve pain").

should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively,

sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Here, for the reasons stated in Section II above, Stockton does not describe sufficient facts to support his oft-repeated conclusory allegation that he suffers insomnia due to "excessive noise" and/or "continual illumination."[5] *See* Doc. No. 4 at 8-12 & 17. His speculative assertion that his insomnia interferes with medication he takes also fails to state a claim upon which relief can be granted as set forth in Section II above. In addition, Stockton fails to allege facts to establish that he sought treatment for insomnia or his alleged pain and headaches, or any other mental health condition, and that any defendant subjectively knew of but deliberately disregarded a serious medical need.[6] Under the circumstances present here, Stockton's

---

[5] Stockton checked the box "no" in response to a question on his complaint form regarding whether he has ever filed a lawsuit concerning the same facts described in this lawsuit. Doc. No. 4 at 2. However, he currently has a lawsuit pending against several defendants at the Pine Bluff Unit concerning excessive lighting that prevents him from sleeping. *See Stockton v. Page,* Case No. 4:23-cv-00131-KGB-ERE (E.D. Ark.).

[6] In fact, in a grievance response attached by Stockton to his amended complaint, defendant Culclager stated "[a] review of your electronic medical record indicates you

conclusory allegations are simply inadequate to state a viable constitutional claim that Stockton was denied the minimal civilized measure of life's necessities and that prison officials were deliberately indifferent to an excessive risk to his health. *See Ashcrof v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## IV. Conclusion

Because Stockton provides insufficient facts showing he is imminent danger of ongoing serious physical injury, his application to proceed *in forma pauperis* should be denied. Additionally, his claims should be dismissed because his conclusory and speculative allegations are insufficient to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Stockton's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be denied; and

---

were last seen for complaints of insomnia on July 5, 2023." Doc. No. 4 at 28. The grievance was rejected as untimely.

2.	Stockton's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

DATED this 27th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE